# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1739 | **DATE** | 4/11/2012 |
| **CASE TITLE** | Lester Dobbey (R-16237) vs. Jacqueline Mitchell-Lawshea | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $15.06 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Stateville Correctional Center. The Clerk shall issue summonses for Stateville Dentist Lawshea and Officer Dangerfield. Plaintiff may seek service of the John or Jane Doe Defendant after he learns this person's identity. Dr. Ghosh is dismissed. The clerk shall send a Magistrate Judge Consent Form to Plaintiff, along with Instructions for Submitting Documents and a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Lester Dobbey, an inmate at the Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Jacqueline Mitchell-Lawshea (Stateville's dentist), Dr. Ghosh (Stateville's former medical director), Officer Michael Dangerfield (an officer who worked in Stateville's medical unit), and John or Jane Doe (a member of Stateville's dental department). Plaintiff seeks to file this case *in forma pauperis*.

Plaintiff's motion to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $15.06. The trust fund officer at Stateville is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The trust fund officer shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct an initial review of the complaint. Plaintiff alleges that, on January 7, 2011, he informed Medical Technician Kenneth Barnes that Plaintiff had an infected tooth. Barnes told Plaintiff that Barnes submitted a request marked "Urgent" to Stateville's dental department. Plaintiff believes that John or Jane Doe in the dental department received the emergency request that same day. On January 11, 2011, having received no response, Plaintiff asked Barnes if he turned in the request, which Barnes stated he did. On January 12, 2011, Dentist Lawshea responded to Plaintiff's request by setting an appointment for January 14, 2011. On January 14, 2011, Plaintiff went for his appointment but was told by Dangerfield that the appointment had been cancelled and that Dangerfield had no pain medication for Plaintiff. Plaintiff filed an emergency grievance with Warden Marcus Hardy on January 14th.

**STATEMENT**

On January 19, 2011, Plaintiff began having a fever, experienced stomach aches, and began vomiting. On January 20, 2011, a correctional officer sent him to the health care emergency room, which admitted him and began treatments of an oral antibiotic, an antibiotic injection every 12 hours, and IV fluids. Plaintiff continued having a fever until January 23, 2011. On January 24, 2011, Plaintiff was examined by Dr. Ghosh, who discharged Plaintiff from the infirmary and told Plaintiff simply that "[his] old virus mixed-in with [his] new virus." (Compl. at 9.) On January 28, 2011, Plaintiff was examined by Dentist Lawshea, who noted that there still was an abscess and who prescribed Penicillin. Plaintiff returned on February 3, 2011, at which time his tooth was extracted.

Plaintiff contends that Dangerfield, as well as Dr. Lawshea, could have provided some treatment, such as the prescribing of an antibiotic, on January 14, 2011. Plaintiff similarly alleges that John or Jane Doe in the dentist's office, as well as Dr. Lawshea, should have ensured that Plaintiff was examined sometime between January 7-19, 2011, but instead ignored the requests for emergency treatment. Such allegations state colorable claims against Dr. Lawshea, Dangerfield, and John or Jane Doe. See *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010) (delay in dental care causing unnecessary pain can constitute deliberate indifference).

Plaintiff's claim against Dr. Ghosh, however, cannot proceed. Plaintiff seeks to sue Dr. Ghosh for his lack of treatment of an H. Pylori virus that Dr. Ghosh discovered from blood tests taken while Plaintiff was being treated for his infections. The only connection between this claim and the dental-care claims is that Plaintiff contends that Dr. Ghosh should have told Plaintiff about the H. Pylori virus when Dr. Ghosh was treating Plaintiff for his infections. This claim is unrelated to the other claims which focus on the denial of dental care, and any claim against Dr. Ghosh must be brought in a separate suit. See *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.") Plaintiff may proceed with his claims against Dr. Lawshea, Dangerfield, and John or Jane Doe, but his claim against Dr. Ghosh is dismissed without prejudice.

The United States Marshals Service is appointed to serve Defendants Dr. Lawshea and Officer Dangerfield. Once an attorney enters an appearance for either of these Defendants, Plaintiff must conduct discovery to learn the identity of the Doe Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. If the Defendants are no longer associated with Stateville, officials there shall furnish the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service, or for proof of service, and any documentation of the addresses shall be retained only by the Marshal. Address information shall not be kept in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail requests for waiver of service to Defendants as prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waivers, the Marshal shall attempt personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. Also, he must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion to appoint counsel is denied without prejudice. Neither the issues nor the discovery of this case are complex, and Plaintiff, an experienced litigator, appears competent to represent himself at this time. See *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).